H. Paul JOHNSON and Cleo Johnson,
Plaintiffs Below, Appellants,

v.

HOCKESSIN TRACTOR, INC. and Clark
Gravely Corporation, Defendants
Below, Appellees.

Supreme Court of Delaware.

Submitted June 14, 1979.

Decided July 7, 1980.

C. Waggaman Berl, Jr., Wilmington, for plaintiffs below, appellants.

Albert L. Simon, Wilmington, for defendant Hockessin Tractor, Inc., appellee.

F. Alton Tybout and John A. Elzufon, of Tybout & Redfearn, Wilmington, for defendant Clark Gravely Corp., appellee.

Before HERRMANN, C. J., McNEILLY and QUILLEN, JJ.

HERRMANN, Chief Justice:

In this appeal we are required to decide: (1) whether the doctrine of strict liability in tort is available to the plaintiffs in this action for injuries caused by allegedly defective goods sold to the plaintiffs; (2) whether the plaintiffs' suit in breach of warranty under the Uniform Commercial Code, 6 *Del.C.* § 1–101 *et seq.*, is barred by the Code's statute of limitations, 6 *Del.C.* § 2–725;[1] and (3) whether the injured plaintiff was guilty, as a matter of law, of contributory negligence.[2]

**I.**

The facts in this case are undisputed: In 1971, the plaintiff H. Paul Johnson (Johnson) purchased a tractor from the defendant Hockessin Tractors, Inc. (Hockessin). The tractor was manufactured by the defendant Clark Gravely Corporation (Gravely). In 1974, while attempting to shut off the tractor engine by turning a small valve or "pet cock" positioned under the carburetor, Johnson was injured when he placed his fingers, instead, into an operating belt and pulley system. Johnson and his wife

---

1. 6 *Del.C.* § 2 725 provides in pertinent part:

"§ 2 725. *Statute of limitations in contracts for sale.*

"(1) An action for breach of any contract for sale must be commenced within 4 years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitations to not less than one year but may not extend it.

"(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

"(3) Where an action commenced within the time limited by subsection (1) is so terminated as to leave available a remedy by another action for the same breach such other action may be commenced after the expiration of the time limited and within 6 months after the termination of the first action unless the termination resulted from voluntary discontinuance or from dismissal for failure or neglect to prosecute. * * *."

2. The complaint in this case contained 3 counts: one based on the doctrine of strict tort liability; one on breach of warranty under the U.C.C.; and one on negligence.

brought suit against Hockessin and Gravely in 1976, alleging negligence, breach of warranty, and strict tort liability.

There was no genuine issue as to the following: Johnson had a background of experience with mechanical devices and was very familiar with the operation of the tractor. Johnson knew that there were two methods that could be used to turn off the tractor's engine: (1) by pressing the "kill button", which was the procedure apparently intended by the manufacturer; and (2) by turning the "pet cock", causing gasoline to flow out of the carburetor and consequently causing the engine to cease functioning.

In order to reach the "pet cock", the operator was obliged to reach underneath the carburetor. Indeed, as the Trial Judge noted, the "pet cock" was so placed that one must stoop merely to see it. Placed within inches of the "pet cock", in plain and open view, was the belt and pulley system. Johnson was fully aware of the positioning of these tractor parts and their functions.

Johnson admitted that, from time to time, he used each method to turn the tractor engine off; that, on some occasions when using the "pet cock", he bent down to see what he was doing; that at other times, including the instant case, he merely reached down without looking because he felt sufficiently familiar with its placement that he could turn the valve without looking. On the occasion in question, Johnson missed the "pet cock" and, instead, placed his fingers in the turning belt and pulley system, incurring serious injuries. When Johnson was questioned concerning whether he understood that one should be careful of moving parts, he answered in the affirmative. When questioned, however, concerning whether he appreciated the risk involved in blindly reaching for the "pet cock", Johnson answered in the negative.

On motions for summary judgment by the defendants, the Superior Court dismissed the breach of warranty action on the ground that it was barred by the limitation period prescribed by 6 *Del.C.* § 2–725. The Superior Court also rejected the plaintiffs' invocation of the doctrine of strict tort liability. Finally, the Superior Court held that the plaintiff was contributorily negligent as a matter of law and, therefore, awarded judgment in favor of the defendants.

The plaintiffs appeal to this Court. We affirm.

## II.

■ The plaintiffs first contend that the jury should have been charged on the doctrine of strict liability in tort. In the recent case of *Cline v. Prowler Industries of Maryland, Inc.,* Del.Supr., 418 A.2d 968 (1980), this Court held that the doctrine of strict tort liability has been preempted in this State in sales cases by the General Assembly's adoption of the Uniform Commercial Code. Thus, no error was committed by the Trial Court in declining to charge the jury on the doctrine of strict tort liability in this case.

## III.

The plaintiffs next argue that 6 *Del.C.* § 2–725 does not bar their cause of action. They contend that the cause of action accrues not at the time of the delivery as stated in § 2–725, but at the time of the injury. Although not explicitly stated, this argument appears to be grounded on the apparent conflict between § 2–725 and 10 *Del.C.* § 8119,[3] which provides that the cause of action for personal injuries accrues at the time of the injury.

The apparent conflict arises because of the possible applicability of either statute of limitation to the instant case. Section 8119 has been applied to suits involving personal injury regardless of the theoretical basis underlying the requested remedy. E. g., *Natale v. UpJohn Co.,* D.Del., 236 F.Supp.

---

**3.** 10 *Del.C.* § 8119 states:

"§ 8119. Personal injuries.

"No action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of 2 years from the date upon which it is claimed that such alleged injuries were sustained; subject, however, to the provisions of § 8127 of this title."

37 (1964) *aff'd*, 3 Cir., 356 F.2d 590 (1966); *Patterson v. Vincent*, Del.Super., 61 A.2d 416 (1948). On the other hand, the Delaware Study Comment to § 2–725 states:

"Under § 2–725 an action for breach of a contract for sale must be commenced within four years after the cause of action has accrued. This changes the existing Delaware law which provides a three year statute of limitations for contract actions. See 10 *Del.C.* § 8106. The § 2–725 4 year limitation on contract actions, rather than the shorter limitations on negligence actions has been applied under the U.C.C. to a claim for personal injuries arising from a breach of implied warranty. See *Gardiner v. Philadelphia Gas Works*, 413 Pa. 415, 197 A.2d 612 (1964)."

It is unclear whether this statement sufficiently demonstrates a legislative intent to adopt the 4 year rule of § 2–725 for personal injury cases based upon breach of implied warrant, or merely suggests its potential applicability. Accordingly, it must be determined whether § 2–725 was intended to preempt the application of § 8119.

■ Preliminarily, it is necessary to determine whether § 2–725 has application in actions for breach of warranty. We conclude that it does. Section 2–725 applies whenever there has been a breach of a contract for sale. In every contract for sale, when the seller is a merchant, there are implied warranties. 6 *Del.C.* § 2–314(1).[4] Thus, under the U.C.C. implied warranties are part of the contract for sale. Consequently, a breach of an implied warranty must necessarily be a breach of the contract. This conclusion is further strengthened by the fact that the time when a breach of implied warranty occurs is specifically established by the provisions of § 2–725(2).

Currently, there is a contrariety of judicial opinion regarding the applicability of

§ 2–725 to breach of warranty cases when personal injuries are claimed to be a result of that breach. The apparent majority rule is this: when an action for breach of express or implied warranty under the U.C.C. is brought, the action is to be governed by § 2–725 regardless of whether the action is one of tort or contract. E. g., *Reid v. Volkswagen of America, Inc.*, 6 Cir., 512 F.2d 1294 (1975) (applying Michigan law); *Sinka v. Northern Commercial Company*, Alaska Supr., 491 P.2d 116 (1971); *Everhart v. Rich's Inc.*, Ga.Ct.App., 128 Ga.App. 319, 196 S.E.2d 475 (1973); *Berry v. G.D. Searle & Co.*, Ill.Supr., 56 Ill.2d 548, 309 N.E.2d 550 (1974); *Waldron v. Armstrong Rubber Co.*, Mich.Ct.App., 64 Mich.App. 620, 236 N.W.2d 722 (1975); *McCarthy v. Bristol Laboratories, Division of Bristol–Myers Co.*, N.Y.S. Ct., 61 A.D.2d 196, 401 N.Y.S.2d 509 (1978); *Redfield v. Mead, Johnson & Co.*, Or.Supr., 266 Or. 273, 512 P.2d 776 (1973); *Gardiner v. Philadelphia Gas Works*, Pa.Supr., 413 Pa. 415, 197 A.2d 612 (1964); *Layman v. Keller Ladders, Inc.*, Tenn.Supr., 224 Tenn. 396, 455 S.W.2d 594 (1970). See also Annot. 17 A.L.R.3d 1010, 1146.

A second view holds that the statute of limitations issue is governed by the nature of the damages involved: cases involving injuries to the person are governed by the general statute of limitation covering such damages; cases concerning economic injury and contractual damages are governed by § 2–725. E. g., *Tyler v. R. R. Street & Co.*, E.D.Va., 322 F.Supp. 541 (1971) (applying Virginia law); *Becker v. Volkswagen of America, Inc.*, Cal.Ct.App., 52 Cal.App.3d 794, 125 Cal.Rptr. 326 (1975); *Abate v. Barkers of Wallingford, Inc.*, Conn.Ct.C.P., 27 Conn.Sup. 46, 229 A.2d 366 (1967); *Heavner v. Uniroyal, Inc.*, N.J.Super., 63 N.J. 130, 305 A.2d 412 (1973).

A third position taken is that § 2–725 applies only when there is privity between the parties. When there is no privity, the

---

**4.** 6 *Del.C.* § 2 -314(1) states:

"§ 2–314. Implied warranty; merchantability; usage of trade.

"(1) Unless excluded or modified (Section 2–316), a warranty that the goods shall be mer-

chantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. Under this section the serving for value of food or drink to be consumed either on the premises or elsewhere is a sale."

general personal injury statute of limitation applies. E. g., *United States Fidelity & Guaranty Co. v. Truck & Con. Equip. Co.*, Ohio Supr., 21 Ohio St.2d 244, 257 N.E.2d 380 (1970); *Plouffe v. Goodyear Tire and Rubber Co.*, R.I.Supr., 373 A.2d 492 (1977).

We agree with the majority rule and hold that breach of implied warranty actions under the U.C.C. are governed by the Code statute of limitations. Not only is it completely logical that a statutory remedy have its period of limitation governed by the limitation provision of the Statute that created the remedy, but we also find it consistent with legislative intent. By its inclusion of breach of implied warranty in § 2–725(2), it is clear that the General Assembly intended § 2–725 to apply to that right of action. Under 6 *Del.C.* § 10–103 [5] all preceding acts and parts of acts that are inconsistent with the Code are repealed. We conclude, therefore, that § 8119, the prior existing statute of limitations,[6] has been repealed to the extent that it is inconsistent with § 2–725. Moreover, we find that any contrary conclusion would not be consonant with the specific purposes of the Code as expressed by the General Assembly: "to simplify, clarify and modernize the law governing commercial transactions". 6 *Del.C.* § 1–102(2)(a). Since a single action in breach of implied warranty under the Code may allege both economic and personal injury, it is difficult to conceive how a system of dual limitations could simplify or clarify the law of commercial transactions.

We realize that the conclusion we reach today may cause hardship to innocent plaintiffs who are injured subsequent to the running of the statute of limitations prescribed by § 2–725. But, as we stated in *Cline*, "[i]f more fair and complete protective relief is to be forthcoming for consumers injured by defective products they have purchased, it must come from the General Assembly." 418 A.2d at 980.

We hold, therefore, that all actions alleging breach of implied warranty are limited by the provisions of § 2–725 rather than § 8119.

### IV.

Finally, plaintiffs contend that it was error for the Trial Court to find, as a matter of law, that the plaintiff was contributorily negligent and, therefore, barred from recovery. They argue that the issue of contributory negligence is almost invariably for the jury.

The general rule, of course, is that issues concerning contributory negligence are ordinarily questions reserved for the trier of fact. When the undisputed material facts can lead to only one conclusion, however, the Trial Court is duty–bound to enter its decision as a matter of law. *Caine v. New Castle County*, Del.Supr., 379 A.2d 1112 (1977); *Faircloth v. Rash*, Del.Supr., 317 A.2d 871 (1974); *Storey v. Castner*, Del.Supr., 314 A.2d 187 (1973).

The undisputed facts here lead to but one reasonable conclusion: that Johnson was contributorily negligent. He had a background of experience with mechanical devices and was very knowledgeable concerning the operation of the particular tractor here involved. He was fully aware of the position of the tractor parts involved and their functions. He understood the danger inherent in moving parts although, curiously, he stated he was unaware of the risk involved in blindly reaching for the valve in question. In our view, these facts give rise to the conclusion that Johnson was guilty of contributory negligence as a matter of law.

In addition, we note that plaintiff could have used an inherently safe method, the "kill button", to shut off the tractor engine. Instead he chose to use the "pet cock", a method which he knew was

---

**5.** 6 *Del.C.* § 10-103 states:

  "§ 10--103. General repealer.

    "Except as provided in the following section, all acts and parts of acts inconsistent with this subtitle are repealed."

**6.** Section 8119 has remained in substantially the same form since 1915. See 20 Del.Laws, Ch. 594, § 1. The U.C.C. was enacted in 1967.

fraught with risk, particularly when done without looking. If a person has the choice of two alternate paths, one known to be safe, the other known to be risky, the unnecessary choice of the risky path constitutes contributory negligence. See *Frelick v. Homeopathic Hospital Assn. of Delaware*, Del.Super., 150 A.2d 17 (1959). See also *Hedglin v. Church of St. Paul of Sauk Centre*, Minn.Supr., 280 Minn. 119, 158 N.W.2d 269 (1968); *Quinn v. Funk Building Corporation*, Pa.Supr., 437 Pa. 268, 263 A.2d 458 (1970).

Accordingly, we find no error in the Trial Court's conclusion of contributory negligence as a matter of law.

\* \* \*

Affirmed.