Brenda **SAYERS**, Plaintiff,

v.

**LEON N. WEINER & ASSOCIATES, INC., Mar Pen-Del Co. & Joffee Lumber Company, Defendants.**

**Civ. A. No. 79C–DE–40.**

Superior Court of Delaware, New Castle County.

Ready for Decision Sept. 18, 1981.

Decided Dec. 11, 1981.

Edward B. Carter, Jr., of Kimmel & Spiller, Wilmington, for plaintiff.

James W. Semple, of Flanzer & Isaacs, Wilmington, for defendant Leon N. Weiner & Associates, Inc.

Richard P. S. Hannum, of Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, for defendant Joffee Lumber Co.

TAYLOR, Judge.

Plaintiff sues for damages resulting from personal injury alleged to have been caused by improper or defective steps in an apartment building at 8 Kimberton Drive, Newark, Delaware, which occurred June 19, 1978. Suit was filed December 7, 1979.

Defendant Joffee Lumber Company [Joffee] has moved for summary judgment on the ground that since the stairs on which plaintiff fell were installed in late 1972 or early 1973 this suit is barred as to Joffee Lumber Company, the supplier of the stairs, by the 4-year statute of limitations found in 6 *Del.C.* § 2–725. Plaintiff and defendants Leon M. Weiner & Associates, Inc. and Mar Pen-Del Co., referring to those defendants without distinction as [Weiner], contend that the applicable statute of limitations is 10 *Del.C.* § 8119 which requires suit within 2 years after injury. For factual background, Joffee relies on material attached to answers by Weiner to plaintiff's interrogatories which states that the steps were manufactured by Joffee in late 1972 or early 1973 and were installed by Weiner at that time. The parties have treated these facts as being sufficiently established for purposes of this motion and the Court will proceed on that basis.

The complaint alleges that Joffee manufactured the stairway. Based upon that allegation and the interrogatory answers, Joffee's contractual relationship to this case will be treated as falling under the Uniform Commercial Code, Article 2, 6 *Del.C.* §§ 2–101 to 2–725.

Joffee contends that the issue of limitations is controlled by 6 *Del.C.* § 2–725(1) and (2) which provides:

(1) An action for breach of any contract for sale must be commenced within 4 years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitations to not less than one year but may not extend it.

(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

In *Johnson v. Hockessin Tractor, Inc.*, Del.Supr., 420 A.2d 154 (1980), the Delaware Supreme Court considered the interrelationship of 10 *Del.C.* § 8119 and 6 *Del.C.* § 2–725. Plaintiff sued for personal injuries resulting from the use of a tractor which he had purchased from defendant in 1971. The complaint charged breach of warranty under UCC and negligence.

After reviewing the cases from other jurisdictions which have dealt with this problem, and the divergent results which have been reached in other states, the Delaware Supreme Court held that the applicable statute of limitations governing personal

injury claims based upon breach of implied warranty relating to goods is 6 *Del.C.* § 2–725 and that its enactment impliedly repealed 10 *Del.C.* § 8119 with respect to such claims. *Johnson* did not discuss whether the limitation found in 6 *Del.C.* § 2–725 applies to an action in tort. In upholding a decision against plaintiff, *Johnson* rested its decision involving the negligence issue on the finding of plaintiff's contributory negligence. The Supreme Court discussion of the applicability of § 2–725 repeatedly restricted its applicability to actions involving breach of implied warranty, with no mention of the action based in tort. I conclude that the Supreme Court intentionally excluded tort claims from its holding in *Johnson.*

Joffee cites Pennsylvania cases, *Gardiner v. Philadelphia Gas Works,* 413 Pa. 415, 197 A.2d 612 (1964), and *Rufo v. Bastian-Blessing Co.,* 417 Pa. 107, 207 A.2d 823 (1965), in support of the proposition that plaintiff's claim should be governed by 6 *Del.C.* § 2–725. The language of each of these cases addresses only the limitation applicable to a cause of action based on breach of implied warranty. Federal cases cited by Joffee, *Patterson v. Her Majesty Industries, Inc.,* E.D.Pa., 450 F.Supp. 425 (1978); *Peeke v. Penn Central Transportation Company,* E.D.Pa., 403 F.Supp. 70 (1975), and *Hoffman v. A. B. Chance Co.,* M.D.Pa., 339 F.Supp. 1385 (1972), follow the Pennsylvania decisions cited above. The citations relied on by Joffee go no further than *Johnson v. Hockessin Tractor, Inc.,* supra.

The UCC does not by its language touch upon, modify or regulate the traditional negligence standards. In *Cline v. Prowler Industries of Md., Inc.,* Del.Supr., 418 A.2d 968 (1980), the Delaware Supreme Court observed that:

the code was intended by the General Assembly to be the sole remedy *beyond negligence* in products liability cases involving sales transactions. [Emphasis added], p. 979.

The exclusion from *Cline* is that where there was an underlying sale transaction, the effect of enactment of the UCC is to prevent judicial adoption of a theory of liability more favorable to an injured plaintiff than that provided in the UCC or that which pre-existed the UCC. Since the cause of action which is based on negligence does not depend upon the UCC, plaintiff's cause of action based on negligence is not barred by 6 *Del.C.* § 2–725.

Separate treatment of claims asserting breach of implied warranty and claims asserting negligence can be supported based upon the different standards which underlie them. The former has its origin in a contractual undertaking by defendant which currently is governed by statute. *Cline v. Prowler Industries of Md., Inc.,* supra. The latter involves a general duty owed to anyone who might foreseeably be injured as a result of an action or omission by defendant and arises from common law and not from statute. *South Atlantic S.S. Co. of Delaware v. Munkacsy,* Del.Supr., 187 A. 600 (1936). The standard applied in the breach of implied warranty case is the capability of the goods to be used safely for a foreseeable use. *Nacci v. Volkswagen of America, Inc.,* Del.Super., 325 A.2d 617 (1974). The standard applied in the negligence case is whether defendant acted as a reasonably prudent person in defendant's circumstances (a reasonable manufacturer of stairways and/or a reasonable installer of stairways). *Massey-Ferguson, Inc. v. Wells,* Del.Supr., 383 A.2d 640 (1978).

The statute of limitations which controls the negligence claim, 10 *Del.C.* § 8119, bars suit "after the expiration of 2 years from the date upon which it is claimed that such alleged injuries were sustained". According to the complaint plaintiff's injury occurred June 19, 1978. This statute applies generally to suits involving personal injuries, whether based on tort or contract. *Natale v. Upjohn Co.,* D.Del., 236 F.Supp. 37 (1964), aff'd 3d Cir., 356 F.2d 590 (1966). For purposes of this Opinion that date marks the commencement of the 2-year limitation period. Suit was filed December 7, 1979, within the limitation period.

Since the suit based on negligence satisfied the literal standard of 10 *Del.C.* § 8119

it is not necessary to consider whether the hidden defect injury which in certain types of cases defers the commencement of the limitation period until the condition is discovered or should have been discovered is available to this plaintiff. Cf. *Rudginski v. Pullella*, Del.Super., 378 A.2d 646 (1977); *Layton v. Allen*, Del.Supr., 246 A.2d 794 (1968); *Isaacson, Stolper & Co. v. Artisan's Savings Bank*, Del.Supr., 330 A.2d 130 (1974); *Pioneer National Insurance Co. v. Sabo*, D.Del., 432 F.Supp. 76 (1977).

Since the filing of this suit was timely under 10 *Del.C.* § 8119, Joffee's motion for summary judgment based on the issue of statute of limitations is denied. IT IS SO ORDERED.