Maurice J. WIESER and Patricia
Wieser, Plaintiffs,

v.

The FIRESTONE TIRE AND RUBBER
COMPANY, an Ohio corporation,
Defendant.

Civ. A. No. 82–Z–848.

United States District Court,
D. Colorado.

Nov. 6, 1984.

John L. Breit, Michael S. Porter, Hansen & Breit, P.C., Denver, Colo., for plaintiffs.

R. Eric Peterson, White & Steele, P.C., Denver, Colo., for defendant.

### ORDER GRANTING PARTIAL SUMMARY JUDGMENT

WEINSHIENK, Judge.

This is a products liability action based upon a claim of defective design and manufacture of a multi-piece truck tire wheel and rim assembly. Plaintiffs' Complaint alleges that Maurice J. Wieser was injured on June 17, 1981, while mounting the rim assembly, a portion of which defendant has admitted manufacturing in November 1965. Jurisdiction is based on diversity of the parties, 28 U.S.C. § 1332.

Plaintiffs' six claims for relief are based on the following theories: strict products liability (First Claim for Relief); failure to warn; (Second Claim for Relief); breach of a duty to design and manufacture a safe and merchantable product (Third Claim for Relief); breach of implied warranties (Fourth Claim for Relief); misrepresentation as to the safety of the product (Fifth Claim for Relief); and reckless and wanton misconduct (Sixth Claim for Relief).

The matter now before the Court is defendant's Motion for Summary Judgment, which seeks summary judgment on all claims based upon the Colorado statute of limitations for contract claims under the Uniform Commercial Code (UCC). Defendant's Brief, however, addresses only plaintiffs' Third, Fourth and Fifth Claims. The Court has considered the Motion, the parties' briefs with attached exhibits, the facts and circumstances of the case and the relevant law and is now fully advised and prepared to rule.

Defendant's Brief asserts that plaintiffs' Third, Fourth, and Fifth Claims for Relief are barred by the four-year limitations period of Colo.Rev.Stat. § 4–2–725 (1983). Defendant characterizes these as contract claims based on express and implied warranties, and points out that a cause of action governed by § 4–2–725 accrues when tender of delivery is made by the seller. Plaintiffs' position is that neither the Third nor Fifth Claims for Relief are based on warranty theories, and that the contract limitations period of § 4–2–725 does not apply to their Fourth Claim for Relief because this is an action for personal injuries by third parties who did not contract directly with the defendant. Plaintiff urges that the Court should apply the products liability statute of limitations, Colo. Rev.Stat. § 13–80–127.5 (1983), which sets a three-year limit that begins to run at the time of the injury to plaintiff.

■ In Colorado, § 13–80–127.5 must be applied to products liability actions regardless of the legal theory advanced. The statute requires, however, that the Court distinguish those actions governed instead by § 4–2–725, the UCC limitations period.[1]

---

1. Section 13–80–127.5(1) provides:
   notwithstanding any other statutory provisions to the contrary, all actions except those

   governed by 4–2–725, C.R.S., brought against a manufacturer or seller of a product, regardless of the substantive legal theory or theories

Courts in other jurisdictions have reached varying conclusions as to when an action is governed by the limitations period of the UCC.[2] *See generally Johnson v. Hockessin Tractor, Inc.,* 420 A.2d 154, 157–58 (Del.1980). The majority rule is that the UCC limitations period applies to all actions for breach of warranties, regardless of whether the plaintiff seeks personal injury damages or economic and contractual damages. *Hockessin, supra.* A second approach distinguishes actions for personal injury damages, which are governed by general tort limitations periods, from actions seeking economic and contractual damages, which are governed by the UCC limitations period. *See Parish v. B.F. Goodrich Co.,* 235 N.W.2d 570, 573–74 (Mich.1975). A third view is that the UCC period governs breach of warranty actions unless there is no privity between the parties, in which case a tort limitations period applies. *See Plouffe v. Goodyear Tire & Rubber Co.,* 118 R.I. 288, 373 A.2d 492, 495 (1977).

■ This Court concludes that the majority rule should be followed in interpreting the Colorado statutes. For purposes of § 13–80–127.5, actions or claims for breach of express and implied warranties under the UCC are governed by the UCC limitations period set forth in § 4–2–725. As the Delaware Supreme Court reasoned in the *Hockessin* case, it is completely logical that remedies under the UCC should be governed by the limitations period of the same statute. *Hockessin* at 158. A rule based solely upon the type of damages claimed is deficient, because the consequential damages provision of the UCC covers personal injury and property damages in breach of

warranty cases in addition to more traditional economic or contract damages. *See* Colo.Rev.Stat. § 4–2–715 (1983). A rule based upon privity is also unsatisfactory, because the UCC contains a provision extending a seller's express and implied warranties to foreseeable users and consumers of a product. *See* Colo.Rev.Stat. § 4–2–318 (1983).

■ In order to apply the majority rule and § 13–80–127.5, the Court must differentiate claims based upon breach of express and implied warranties under the UCC from other products liability claims, which are governed by § 13–80–127.5.[3] *Compare* Colorado Jury Instructions (C.J.I.) Civ.2d 14:6 and 14:8 *with* C.J.I. Civ.2d 14:1 and 14:18. In this case, plaintiffs' Complaint appears to include both warranty claims under the UCC and products liability claims.

■ According to plaintiffs' Brief, the Third Claim is based on a negligence theory, yet the word "negligence" appears nowhere in the Complaint. The Third Claim states that defendant breached a duty to plaintiffs to design, manufacture and sell truck wheels and rims that were reasonably safe, fit and merchantable for their foreseeable use. The Court agrees with defendant that this appears to state a claim for breach of an implied warranty of merchantability, which is governed by § 4–2–725. Should plaintiffs wish to pursue a products liability claim based on negligence, they may amend their Complaint to state clearly such a cause of action. *See* C.J.I.–Civ.2d 14:18 (1980).

upon which the action is brought, for or on account of personal injury, death, or property damage caused by or resulting from the manufacture, construction, design, formula, installation, preparation, assembly, testing, packaging, labeling, or sale of any product, or the failure to warn or protect against a danger or hazard in the use, misuse, or intended use of any product, or the failure to provide proper instructions for the use of any product shall be brought within three years after the claim for relief arises and not thereafter.

2. Note that in these jurisdictions the courts must typically decide whether an action is governed by the UCC limitations period or a general tort statute of limitations. Colorado statutes, which incorporate a specific limitations period for products liability actions, permit a more limited inquiry.

3. For a discussion of this distinction, see generally the dissenting opinion filed in *Parish v. B.F. Goodrich Co.,* 235 N.W.2d 570, 576–581 (Mich. 1975) (Williams, J.).

■ Plaintiffs' Fourth Claim asserts that defendant's manufacture and sale of the product created "implied warranties that said wheel and rim were safe, fit and merchantable for their intended use." It is not apparent from plaintiffs' Complaint whether the Fourth Claim for Relief is intended to state a contractual warranty claim distinct from plaintiffs' strict products liability claims. There is no indication in the Complaint of a contract or buyer-seller relationship between the plaintiffs and defendant, and no reference at all to any provision of the Uniform Commercial Code. Plaintiffs' Brief, however, refers to § 4-2-318 to support this claim, suggesting that it is intended to state a cause of action under the UCC. Alternatively, plaintiffs may have intended the Fourth Claim merely to articulate the implied warranty concept which is a part of the theory of strict products liability actions. If the latter is the case, however, there is no need for a separate claim for relief in the Complaint.

■ Plaintiffs' Fifth Claim, alleging misrepresentations by defendant of the safety of its product, is not a contract warranty claim and not governed by § 4-2-725.[4]

To the extent that plaintiffs' Third and Fourth Claims for Relief state causes of action under the Uniform Commercial Code for breach of contractual warranties, they are barred by the limitations period of § 4-2-725. Accordingly, it is

ORDERED that defendant's Motion for Summary Judgment is granted as to plaintiffs' Third and Fourth Claims for Relief and denied as to plaintiffs' First, Second, Fifth and Sixth Claims for Relief. It is

FURTHER ORDERED that plaintiffs may amend their Complaint by November 26, 1984, to state a products liability claim based upon negligence. It is

FURTHER ORDERED that plaintiffs' Third and Fourth Claims for Relief are dismissed without prejudice.

4. Query whether this claim is within the scope of § 13-80-127.5(1).