Darrin L. **STRANGE**, Plaintiff,

v.

**KEIPER RECARO SEATING, INC., et al.,** Defendants.

No. Civ.A. 99–177–JJF.

United States District Court, D. Delaware.

Sept. 29, 2000.

Enterprises, Inc. and Recaro North America, Inc.'s ("Keiper Recaro") Motion for Summary Judgment (D.I.41) and Defendants Gillig Corporation and Herrick–Pacific Corporation's ("Gillig") Motions for Summary Judgment (D.I.44). Plaintiff filed answering briefs (D.I.49, 50) in response. Subsequently, Defendant Gillig filed a Motion for Summary Judgment on the statute of limitations on a separate basis (D.I.54). For the reasons set forth below, the Court will grant the pending motions.

Robert Jacobs, Jacobs & Crumplar, P.A., Wilmington, DE, for Darrin L. Strange, plaintiff.

Armand J. Della Porta, Jr., Kelley, Jasons, McGuire & Spinelli, Wilmington, DE, for Keiper Recaro Seating, Inc., a corporation of the State of Michigan, defendant.

Robert B. Anderson, McCarter & English, Wilmington, DE, for Gillig Corporation, a corporation of the State of California formally known as Herrick–Pacific Corporation, defendant.

James F. Kipp, Trzuskowski, Kipp, Kelleher & Pearce, Wilmington, DE, for Atwood Automotive, Inc., a corporation of the State of Michigan, successor in interest to Keiper Recaro Seating Inc and Recaro Enterprises, Inc., defendant.

## MEMORANDUM OPINION

FARNAN, District Judge.

Presently before the Court are Defendants Keiper Recaro Seating, Inc., Keiper

## BACKGROUND

Plaintiff filed this case on February 4, 1999, in the Superior Court of the State of Delaware in and for New Castle County. Defendants successfully removed this case to the United States District Court for the District of Delaware. In his complaint, Plaintiff alleges personal injury claims and breach of warranty claims as a result of injuries he suffered as a result of driving a transit bus. Defendants filed a Motion for Summary Judgment based upon the applicable statutes of limitations.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) provides that a party is entitled to summary judgment if the Court determines from its examination of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.Pro. 56(c). In determining whether there is a triable dispute of material fact, the Court must construe all inferences from the underlying facts in the light most favorable to the non-moving party. *Goodman v. Mead Johnson & Co.,* 534 F.2d 566, 573 (3d Cir.1976), *cert. denied,* 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977). The mere existence of some evidence in support of the non-moving party, however, will not be suffi-

cient to support a denial of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Rather, Rule 56(c) requires summary judgment where the nonmoving party fails to establish an essential element of its case on which it will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *In re TMI*, 89 F.3d 1106, 1116 (3d Cir.1996), *cert. denied sub nom Aldrich v. General Public Utilities Corp.*, 519 U.S. 1077, 117 S.Ct. 739, 136 L.Ed.2d 678 (1997). As the United States Supreme Court explained in *Celotex*,

> [i]n such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex*, 477 U.S. at 322–23, 106 S.Ct. 2548.

## DISCUSSION

### I. Personal Injury Claims

██ Under Delaware law, the statute of limitations for personal injuries is two years. 10 Del.C. § 8119. Plaintiffs alleged injuries occurred on May 30, 1996. Because the plaintiff filed his complaint on February 4, 1999, more than two-years later, his claims for personal injuries is barred by the applicable statute of limitations. Counts I, III, IV, V, VI, VII, IX, X and XI of Plaintiff's Complaint (D.I.2) all allege theories of liability based upon negligence against moving Defendants. Thus, moving Defendants are entitled to judgment as a matter of law with respect to the aforementioned Counts in Plaintiff's Complaint.

### II. Breach of Warranty Claims

Count II and Count VII of Plaintiff's Complaint allege that Defendants breached express and implied warranties of merchantability and fitness for the ordinary purpose. Defendants argue that they are entitled to judgment as a matter of law on the statute of limitations on this theory as well.

Under Delaware law, the statute of limitations in contracts for sale states:

> (1) An action for breach of any contract for sale must be commenced within 4 years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitations to not less than one year but may not extend it.
>
> (2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

6 Del.C. § 2–275. The Delaware Supreme Court has held that this section of the Uniform Commercial Code governs personal injury actions where there is an alleged breach of implied warranty. *Johnson v. Hockessin Tractor, Inc.*, 420 A.2d 154 (Del.1980). Thus, the applicable statute of limitations is four years after the cause of action has accrued unless the parties, by original agreement, reduce the period to not less than one year.

██ During discovery in this case, Defendants produced a document headed "Keiper Recaro Seating, Inc. Terms and Conditions of Sales." (D.I.42, Exh. C). Paragraph 11 of that document is entitled "Warranty, Disclaimers and Limitations of Remedies" and specifically states that "seller warrants for a period of twelve months from the date of purchase that its

products are manufactured and shipped free from substantial defects in materials and workmanship." *Id.* These "terms and conditions" appeared on the reverse side of the purchase order provided by Keiper Recaro to Gillig Corporation, the manufacturer of the bus, for the purchase of the driver seats in question. To the extent Plaintiff seeks recovery for substantial defects in materials and workmanship, those claims were barred twelve months after the date of purchase, or no later than February, 1997. Here, Plaintiff did not file suit until February, 1999. Thus, any such claims are barred.

■ Delaware law permits parties to modify or exclude implied warranties of merchantability or fitness. According to 6 Del.C. § 2–316(2):

Subject to subsection (3), to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous. Language to exclude all implied warranties of fitness is sufficient if it states, for example, that "There are no warranties which extend beyond the description on the face hereof."

*Id.* The "Keiper Recaro Seating Inc. Terms and Conditions of Sale" specifically states in bold print as follows:

THIS IS THE SOLE AND EXCLUSIVE WARRANTY OF SELLER, ALL OTHER WARRANTIES INCLUDING WITHOUT LIMITATION THE WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE ARE EXCLUDED AND DISCLAIMED.

(D.I.42, Exh. C). This language satisfies the requirements of section 2–316(2).

■ Similarly, during discovery in this case, Defendant Gillig produced a document headed "Gillig Phantom Transit Coach Standard Warranty." (D.I.55, Exh.

C). The warranty provides "Gillig Corporation warrants its transit coaches to be FREE FROM DEFECTS IN MATERIAL AND WORKMANSHIP UNDER NORMAL USE AND SERVICE for 50,-000 miles or the expiration of twelve (12) months after the date of delivery of the coach to the original purchaser, whichever comes first...." *Id.* Again, because Plaintiff did not file suit until February, 1999, such claims are barred. Also the Gillig Warranty specifically states in bold print as follows:

GILLIG MAKES NO WARRANTIES EXCEPT AS SET FORTH HEREIN. THIS WARRANTY IS EXPRESSLY IN LIEU OF ANY OTHER WARRANTY EXPRESSED OR IMPLIED, INCLUDING WITHOUT LIMITATION ANY WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.

(D.I.55, Exh. C). Again, this language satisfies the requirements section 2–316(2). Therefore, the Defendants are entitled to judgment as a matter of law with respect to all claims based on implied warranties.

Plaintiff also alleges that Defendants created express warranties. However, Plaintiff has offered no evidence that Defendants Keiper Recaro or Gillig made any express warranties. Therefore, the Defendants are entitled to judgment as a matter of law with respect to all claims based on express warranties.

This Court concludes that Defendants Keiper Recaro and Gillig are entitled to judgment as a matter of law on all claims asserted by Plaintiff in his Complaint.