# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BERNARD KATZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N18C-11-008 ALR |
| | ) | |
| TRACTOR SUPPLY | ) | |
| COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: February 27, 2020
Decided: March 16, 2020

***Upon Defendant's Motion for Summary Judgment***
**GRANTED IN PART**

## ORDER

Upon consideration of Defendant's motion for summary judgment; Plaintiff's response thereto; the facts, arguments, and legal authorities set forth in the parties' submissions; the Superior Court Rules of Civil Procedure; statutory and decisional law; and the entire record in this case, the Court hereby finds as follows:

1. Plaintiff Bernard Katz ("Plaintiff") filed this action against Defendant Tractor Supply Company, Inc. ("Defendant") asserting claims for strict products liability and breach of implied warranties of merchantability and fitness for a particular purpose. Plaintiff alleges that he purchased from Defendant an adapter and power take-off connector which Plaintiff attached to his brush cutter. According to the Complaint, one of the parts that Plaintiff purchased from Defendant

malfunctioned while Plaintiff was cutting field grass, causing Plaintiff to lose control of his tractor. The Complaint alleges that the part malfunctioned because it was made up of two welded-together pieces of metal instead of a single metal bar stock. Plaintiff alleges that his hand was injured as a result of the malfunction.

2. The Court entered a trial scheduling order establishing February 1, 2020 as the deadline for Plaintiff's expert disclosures. Plaintiff has not produced expert disclosures and has not requested an extension of the deadline. Defendant filed the instant motion on February 18, 2020.

3. The Court may grant summary judgment only where the moving party can "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[1] A genuine issue of material fact is one that "may reasonably be resolved in favor of either party."[2] The moving party bears the initial burden of proof and, once that is met, the burden shifts to the non-moving party to show that a material issue of fact exists.[3] At the motion for summary judgment phase, the Court must view the facts "in the light most favorable to the

---

[1] Super. Ct. Civ. R. 56(c).
[2] *Moore v. Sizemore*, 405 A.2d 679, 680–81 (Del. 1979).
[3] *Id.*

2

non-moving party."[4]   Summary judgment is only appropriate if Plaintiff's claims

lack evidentiary support such that no reasonable jury could find in Plaintiff's favor.[5]

4.      With respect to Plaintiff's claim for strict products liability, Defendant

argues that it is entitled to judgment as a matter of law because such claims are not

recognized in Delaware.[6]  Delaware's strict liability doctrine does not extend to cases

involving the sale of defective products, even where it is alleged that the product is

inherently dangerous.[7]   Accordingly, Plaintiff cannot prevail on a claim for strict

products liability and Defendant is therefore entitled to judgment as a matter of law

with respect to Plaintiff's strict products liability claim.[8]

---

[4] *Brozka v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).

[5] *See Hecksher v. Fairwinds Baptist Church, Inc.*, 115 A.3d 1187, 1200–05 (Del. 2015); *Edmisten v. Greyhound Lines, Inc.*, 2012 WL 3264925, at *2 (Del. Aug. 13, 2012).

[6] Plaintiff argues that Defendant waived its right to move for summary judgment on this basis because, according to Plaintiff, Defendant failed to raise this argument as an affirmative defense in Defendant's initial responsive pleading. Defendant timely raised as an affirmative defense Plaintiff's failure to state a claim upon which relief may be granted. *See* Answer Def. to Compl. at 3. Accordingly, Defendant has not waived its right to move for summary judgment on this basis.

[7] *Johnson v. Hockessin Tractor, Inc.*, 420 A.2d 154, 156 (Del. 1980) ("[T]he doctrine of strict tort liability has been preempted in this State in sales cases by the General Assembly's adoption of the Uniform Commercial Code."); *Hammond by Hammond v. Colt Indus. Operating Corp.*, 565 A.2d 558, 562 (Del. Super. 1989) ("Delaware courts have refused to extend strict liability to cases involving the sale of a product even where it is alleged that the product is inherently dangerous."); *see generally Cline v. Prowler Indus. of Md., Inc.*, 418 A.2d 968 (Del. 1980) (finding that the Delaware General Assembly intended to preclude the adoption of strict tort liability in the sales context by adopting the Uniform Commercial Code).

[8] Even if Delaware recognized strict products liability claims, Plaintiff's claim would be barred by the applicable two-year statute of limitations. *See* 10 *Del. C.* § 8119

3

5.	With respect to Plaintiff's breach of warranty claims, Defendant argues that it is entitled to judgment as a matter of law because Plaintiff has represented during discovery that he does not intend to produce expert testimony to prove his claims at trial. To prevail on a claim for breach of implied warranty of merchantability, Plaintiff must prove, among other things,[9] that the part was defective at the time of sale and that the defect was the proximate cause of Plaintiff's injuries.[10] Similarly, a personal injury claim for breach of implied warranty of fitness for a particular purpose[11] arising from a product's defect requires proof that

---

("No action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of 2 years from the date upon which it is claimed that such alleged injuries were sustained . . . ."). The Complaint alleges that Plaintiff sustained his injuries on or about July 28, 2015 and did not file this action, which was originally filed in federal district court, until May 15, 2018. *See* Compl. ¶ 3. Plaintiff filed the Complaint in Superior Court on November 1, 2018. Moreover, Defendant asserted as an affirmative defense the statute of limitations in its initial responsive pleading and therefore did not waive this defense. *See* Answer Def. to Compl. at 3.

[9] To prevail on a claim for breach of implied warranty of merchantability, a plaintiff must prove the following elements: "(1) that a merchant sold the goods; (2) which were defective at the time of sale; (3) causing injury to the ultimate consumer; (4) the proximate cause of which was the defective nature of the goods; and (5) that the seller received notice of the injury." *Reybold Grp., Inc. v. Chemprobe Techs., Inc.*, 721 A.2d 1267, 1269 (Del. 1998).

[10] *Id.*

[11] To prevail on a claim for breach of implied warranty of fitness for a particular purpose, Plaintiff must prove that: (1) Plaintiff had a special purpose for the product; (2) Defendant knew or had reason to know of that purpose; (3) Defendant knew or had reason to know that Plaintiff was relying on Defendant's superior skill to select goods that fulfilled that purpose; and (4) Plaintiff in fact relied on Defendant's superior skill. *See Johnson v. Sleepy's Holdings, L.L.C.*, 2015 WL 3429518, at *2 (Del. Super. May 28, 2015).

the product was actually defective and that the defect caused the injury.[12]  Expert

testimony typically is required to prove that a product is defective and always is

required "[i]f the matter in issue is one within the knowledge of experts only and not

within the common knowledge of laymen."[13]  Even when the matter is one within

the common knowledge of laypeople, expert testimony is necessary unless

circumstantial evidence tends "to negate other reasonable causes of the injury

sustained."[14]

6.     Plaintiff's breach of warranty claims require expert testimony to

establish defect and causation.  Various issues surrounding the alleged malfunction

of the adapter and/or the power take-off connecter, including the circumstances that

may cause such failure and whether the circumstances were present here, are not

within the common knowledge of laypeople.  Moreover, Plaintiff has presented no

circumstantial evidence which shows that a defect in the part(s) caused Plaintiff's

injuries.  Accordingly, Defendant is entitled to summary judgment on Plaintiff's

---

[12] *See Joseph v. Jamesway Corp.*, 1997 WL 524126, at *6 (Del. Super. July 9, 1997) ("[Plaintiff's] claims are based on the claim that the bicycle was defective.  Because [Plaintiff] cannot demonstrate that the bicycle was defective and/or that there was a defect which caused injury, the claims for breach of warranty [of fitness for a particular purpose] must fail."); *Cropper v. Rego Distribution Ctr., Inc.*, 542 F. Supp. 1142, 1152 (D. Del. 1982) (denying summary judgment where genuine issues of material fact existed as to whether a party's breach of implied warranty of fitness for a particular purpose was the proximate cause of the plaintiff's injury).
[13] *Reybold*, 721 A.2d at 1270.
[14] *Id.*

5

breach of warranty claims unless Plaintiff can produce expert testimony as to the existence of a defect and proximate cause.

7. Throughout discovery, Plaintiff has represented that he does not intend to produce expert testimony at trial.[15] In addition, Plaintiff has missed the February 1, 2020 deadline to disclose his expert witnesses and has not requested an extension. Nevertheless, Plaintiff now claims, for the first time, that he can personally testify as a metallurgy and/or engineering expert. Given Delaware's strong policy favoring resolution of claims on the merits,[16] the Court will schedule

---

[15] Several of Plaintiff's responses to Defendant's discovery requests are especially pertinent. First, in response to one of Defendant's interrogatories, Plaintiff identified an "[e]mployee named Carlos," whose full name and address were unknown to Plaintiff, as the only expert retained or employed by Plaintiff in anticipation of this litigation or preparation for trial. *See* Def.'s Mot. Summ. J. Ex. C, at 4. During the deposition of Plaintiff, Plaintiff testified that Carlos had not worked for Plaintiff in three years, that Plaintiff had no means of contacting Carlos, and that Plaintiff did not know where Carlos lives. *See* Def.'s Mot. Summ. J. Ex. D, at 2–3. Second, in response to another interrogatory requesting the names and addresses of any experts whom Plaintiff expected to call as witnesses at trial, Plaintiff answered "N/A." *See* Def.'s Mot. Summ. J. Ex. C, at 4. In response to a third interrogatory, Plaintiff stated that he is not "of the opinion that he personally can offer an expert engineering and metallurgy opinion in this matter related to the alleged defect or malfunction." *See id.* at 5. Finally, in response to a request for production by Defendant, Plaintiff stated that "reports by any person qualifying as an expert" and the curriculum vitae or resume for individuals being offered by Plaintiff as an expert witness are "[n]ot available." *See* Def.'s Mot. Summ. J. Ex. E, at 2.
[16] *See, e.g.*, *Hoag v. Amex Assurance Co.*, 953 A.2d 713, 717 (Del. 2008) ("The sanction of dismissal [for discovery violations] is severe . . . . Other sanctions are often more appropriate because 'the important goal of timely adjudications must be balanced against the strong policy in favor of decisions on the merits.'" (quoting *Draper v. Med. Ctr. of Del.*, 767 A.2d 796, 798 (Del. 2001))).

a hearing on the admissibility of Plaintiff's proposed expert testimony.[17]   The

admissibility of expert testimony is governed by Rule 702 of the Delaware Rules of

Evidence, which provides:

> If scientific, technical or other specialized knowledge will assist the
> trier of fact to understand the evidence or to determine a fact in issue, a
> witness qualified as an expert by knowledge, skill, experience, training
> or education may testify thereto in the form of an opinion or otherwise,
> if (1) the testimony is based upon sufficient facts or data, (2) the
> testimony is the product of reliable principles and methods, and (3) the
> witness has applied the principles and methods reliably to the facts of
> the case.[18]

8.      The Delaware Supreme Court has ruled that the admissibility of expert

testimony under Rule 702 is governed by the same test set forth by the United States

Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals*.[19]   Consistent with

*Daubert*, the Court must consider a five-step test to determine whether Plaintiff's

expert testimony is admissible at trial.[20]   Accordingly, the Court must determine

whether:

(1)     the witness is qualified as an expert by knowledge, skill,
        experience, training or education;
(2)     the evidence is relevant;

---

[17] Plaintiff suggests that "it should be up to the jury to decide if [Plaintiff] possess[es] enough qualifications . . . to be considered an expert in the field." *See* Reply Def.'s Mot. Summ. J. 3.  However, at the trial level, it is the role of the Court to perform a gatekeeping function with respect to expert testimony. *Sturgis v. Bayside Health Ass'n*, 942 A.2d 579, 583 (Del. 2007).

[18] D.R.E. 702.

[19] *M.G. Bancorporation, Inc. v. Le Beau*, 737 A.2d 513, 521–22 (Del. 1999) (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993)).

[20] *Bowen v. E.I. DuPont de Nemours & Co.*, 906 A.2d 787, 795 (Del. 2006).

(3)    the expert's opinion is based upon information reasonably relied upon  by experts in that particular field;

(4)    the expert testimony will assist the trier of fact to understand the evidence or determine a material fact in issue; and

(5)    the expert testimony will not create unfair prejudice or confuse or mislead the jury.[21]

The party seeking to introduce expert testimony bears the burden of establishing admissibility by a preponderance of the evidence.[22]

**NOW, THEREFORE, this 16th day of March 2020, the Court rules as follows:**

1.    **Defendant's motion for summary judgment is GRANTED with respect to Plaintiff's claim for strict products liability;**

2.    **Defendant's motion for summary judgment is HELD IN ABEYANCE with respect to Plaintiff's breach of warranty claims, pending a determination on Plaintiff's proposed expert testimony.**

3.    **The *Daubert* hearing on Plaintiff's proposed expert testimony shall take place on April 21, 2020 at 10:00 AM.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*
_____
**The Honorable Andrea L. Rocanelli**

---

[21] *Smith v. Grief*, 2015 WL 128004, at *2 (Del. Jan. 8, 2015) (citing *Bowen*, 906 A.2d at 794); *Pallano v. AES Corp.*, 2016 WL 750432, at *3 (Del. Super. Feb. 26, 2016).

[22] *Pavey v. Kalish*, 2010 WL 3294304, at *3 (Del. 2010); *Sturgis*, 942 A.2d at 584.