Odis MARSHALL, Plaintiff-Appellant

v.

B.W. MARSHALL, et al.,
Defendants-Appellees.

Supreme Court of Tennessee.

March 5, 1984.

Rehearing Denied May 29, 1984.

Ray A. Bratcher, Memphis, for plaintiff-appellant; Pierce, Rice, Bratcher, Nichols & Stone, Memphis, of counsel.

Charles R. Perkins, Memphis, for defendant-appellee Lila Marshall; Perkins & Hartzog, Memphis, of counsel.

J. Payson Matthews, Somerville, for defendants-appellees; Matthews & Freeland, Somerville, of counsel.

Timothy L. Takacs, Hendersonville, for amicus curiae; Smith, Prince & Takacs, Hendersonville, of counsel.

## OPINION

BROCK, Justice.

In March, 1975, Julius Marshall died intestate while owning 54 acres of land in Fayette County, Tennessee. He left no legitimate children but the plaintiff, Odis Marshall, claims to be the son, born out of wedlock, of the deceased intestate Julius Marshall. Julius was also survived by his widow, by a brother and by the children of a deceased brother and deceased sister. The surviving brother died before the filing of the complaint in this cause and his children, together with the children of his deceased brother and deceased sister are the defendants in this action.

Two separate legal proceedings involving the land of Julius Marshall were filed between the date of his death and the date of

the filing of the complaint in the instant action on September 15, 1978. The plaintiff was not named a party in either of those two proceedings.

The first of those proceedings was a complaint to remove a cloud from title by voiding a deed which the widow had signed in 1976 and the second proceeding was a complaint for a partition by sale of the lands. Upon learning of the partition suit, the plaintiff, Odis Marshall, filed the complaint in the instant action for the purpose of enjoining further proceedings for partition and also for the purpose of establishing his title to the said lands of Julius Marshall by inheritance from him as his son. Thus, the contest is one between the plaintiff who claims to be the son of Julius Marshall and the defendants who are the nieces and nephews of Julius Marshall.

The Chancellor found that the plaintiff was the son, born out of wedlock, and the only child and heir at law of Julius Marshall, deceased, and that he was the owner of the land in question, subject to the interests of Julius Marshall's widow, Lila Marshall. The court further found that an agreement which had been entered into by plaintiff, Odis Marshall, and the widow, Lila Marshall, in the fall of 1975 was valid.

The defendants appealed from the decree of the Chancellor to the Court of Appeals. That court concurred in the findings made by the Chancellor with respect to the relationship of Odis Marshall to Julius Marshall, but divided, two to one, upon the question whether Odis Marshall had the right to inherit his father's lands. The majority of that court were of the opinion that the plaintiff was not entitled to the benefit of our ruling in *Allen v. Harvey*, Tenn., 568 S.W.2d 829 (1978) in which we held that a child, born out of wedlock, is entitled to inherit, under the laws of descent and distribution, property of which his father died intestate, provided, that the parent and child relationship was shown by clear and convincing evidence. It was the opinion of the majority of the Court of Appeals that we had so restricted the application of *Allen v. Harvey, supra,* that the plaintiff in this case was not entitled to the benefit of that rule; Special Judge Mack Blackburn, dissented, being of the opinion that the plaintiff was entitled to the benefit of that holding. We granted application made by the plaintiff to review the decision of the Court of Appeals.

Our essential holding in *Allen v. Harvey, supra,* is found in the following excerpt from that opinion, to-wit:

"Although we think that a child born out of wedlock must meet a stricter or higher standard of proof of paternity than is required for a child born within wedlock, denial of an inheritance to a child whose father openly and consistently acknowledged the father-child relationship and who lived with the child and provided for its support would, in our opinion, deprive the child of his inheritance 'unnecessarily' as forbidden by *Trimble [v. Gordon,* 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31] and would also belie the 'reason' that is the strength of the common law.

"The decision we reach today—that a child born out of wedlock may inherit from and through his father—is specifically limited to cases where paternity is established by clear and convincing proof and to cases where rights of inheritance have not finally vested. All cases in conflict with this decision are hereby expressly overruled.

"The application of this decision shall be prospective only but it shall govern any cases pending in the courts of Tennessee on the date this opinion is released, asserting the right of children born out of wedlock to inherit from their natural father." 568 S.W.2d at 835.

A literal application of the language employed in the last two quoted paragraphs from the *Allen* opinion would result in denying to the plaintiff in the instant case the benefit of the *Allen* holding; but, we are not content to make such a literal application of that language from *Allen*.

In this century the courts of this country have made increasing use of the technique of giving "prospective only" application to decisions overruling outmoded precedent.

"It has often been held or recognized that where particular persons have acted in justifiable reliance upon a subsequently overruled judicial decision and retroactive application of the overruling decision would defeat their reliance interests, such reliance interests should receive adequate protection, and the overruling decision should be denied retroactive application in order to prevent such persons from being subjected to unfairness or undue hardship." (Citations omitted.) Annot.: Overruling Decisions—Application, 10 A.L.R.3d 1371, 1386 § 5(b) (1966).

"There is an alluring ring of the future in a term like prospective overruling of judicial decisions." Traynor, *Quo Vadis Prospective Overruling: A Question of Judicial Responsibility*, 28 Hastings L.J. 533 (1977). In the article cited, however, Judge Traynor points out that "prospective only" application of an overruling decision should be limited to a case in which the hardship on a party who has relied on the old rule outweighs the hardship on the party denied the benefit of the new rule; and, he has pointed out:

"Since there are few cases where such rigorous demonstrations can be made, there should be few occasions when prospective overruling can justifiably displace the normal retroactive application of the overruling decision." 28 Hastings L.J. at 561–2.

Applying that wisdom to the case before us, we conclude that in this record there is no showing that the defendants in this case have acquired any rights in reliance upon the old rule that a child born out of wedlock could not inherit property from his intestate father; therefore, we find no reason to deny the benefit of the *Allen* rule to the plaintiff in the instant case. Our stated intention in *Allen* to give it "prospective only" application, was, we now believe, unnecessarily broad.

 In civil cases retrospective application of a decision overruling an earlier decision ordinarily is denied only if such an application would work a hardship upon those who have justifiably relied upon the old precedent. Annot.: Overruling Decisions—Application, 10 A.L.R.3d 1371, 1386 (1966); 28 Hastings L.J. 543 (1977), *et seq.* The defendants in the instant case have not acted in reliance upon the precedent overruled by *Allen*, they merely assert that they have passively acquired rights as the heirs at law of an intestate property owner; they are not innocent purchasers for value of the property they seek to claim; and, neither do they assert the rights of those who claim under a valid court decree that has determined the identity of the heirs at law of an intestate property owner. In short, no reason appears in this record for denying to Odis Marshall, plaintiff, the benefit of our ruling in *Allen*.

The judgment of the Court of Appeals is reversed and the decree of the Chancellor is affirmed. Costs incurred upon appeal are taxed against the appellees.

FONES, C.J., and COOPER, HARBISON and DROWOTA, JJ., concur.