**Roger E. SHANOR and Donald W. Shanor, Appellants (Defendants),**

v.

**A–PAC, LTD., a Wyoming Corporation, Appellee (Plaintiff).**

No. 85–67.

Supreme Court of Wyoming.

Jan. 3, 1986.

Henry F. Bailey, Jr. (argued) of Loomis, Lazear, Wilson & Pickett, Cheyenne, for appellants.

Robert W. Horn, on brief, Jackson, for appellee.

---

Before THOMAS, C.J., ROONEY,* BROWN, and CARDINE, JJ., and GUTHRIE, J., Retired.

GUTHRIE, Justice, Retired.

Appellants come here seeking the reversal of a summary judgment and to have the case remanded for further proceedings. The judgment at which this appeal is directed granted appellee herein a joint and several judgment against these appellants in the amount of $3,150 for rentals, plus the sum of $472.50 for a late charge, and attorney's fees and costs in the sum $1,207.50.

It being the Court's view that the motion for summary judgment was not properly supported by the affidavit filed with it, and there not being any admissions in the pleadings which would supplement this showing other than as hereinafter set out, the judgment was improvidently granted and without proper support in the evidence. This case must then be reversed.

This Court steps into the shoes of the trial court in a review of this character and must determine from the record if there was sufficient evidence or showing to justify the entry of a judgment herein. *Hickey v. Burnett*, Wyo., 707 P.2d 741 (1985); *Reno Livestock Corporation v. Sun Oil Company (Delaware)*, Wyo., 638 P.2d 147 (1981). There is a definite burden upon the movant to demonstrate the entitlement to a summary judgment. *Kover v. Hufsmith*, Wyo., 496 P.2d 908 (1972).

For a better understanding of this case, the material parts of the affidavit filed by the movant herein are set out as follows:

"JAMES ANDERSON, being first duly sowrn [sic], deposes and states that:

"1. He was the president of A–Pac, Ltd., plaintiff in this action at all times material and relevant thereto.

"2. The lease attached hereto as Exhibit A is a true and correct copy of the lease arrangement entered into between Plaintiff and Defendants September 2, 1981.

"3. Defendants vacated the premises and breached the lease agreement with an excess of a year remaining on their obligation.

"4. Defendants have failed to make payment on the balance of the lease obligation.

"Deponent states nothing further.

"DATED this 14th day of January, 1985.

"/s/ James Anderson
JAMES ANDERSON"

The motion recites that reliance will be made upon the affidavit and the pleadings. The only admissions which the pleadings make and which can be attributed to them are admissions of the appellee's corporate status and the execution of the lease.

■ A movant must first submit evidence which establishes a prima facie case, *Gennings v. First National Bank at Thermopolis*, Wyo., 654 P.2d 154 (1982), and show that it is "entitled to a judgment as a matter of law." Rule 56(c), W.R.C.P. Appellee herein has clearly failed to do this in several particulars.

■ Relying solely upon the record, the affidavit, and pleadings herein, neither this Court nor any court could make a determination of the exact amount of rental due when it has in its knowledge only the facts that there is "an excess of a year remaining on their obligation," and that appellants "have failed to make payment on the balance of the lease obligation." The same must also be said with reference to any penalty figure. Without referring to other evidence than that which appears in the file, no court could make these determinations in exact figures. The appellee has utterly failed to extablish any amount which might be due it.

■ Although the record is entirely barren of any mention of what might be a reasonable attorney's fee, in reliance upon a paragraph of the lease (¶ 22) judgment was entered in the amount above mentioned for attorney's fees. The paragraph provides for reasonable attorney's fees. This portion of the judgment, of course, is without support in the record, which is silent as to what might be "reasonable" fees. *Greenough v. Prairie Dog Ranch, Inc.*, Wyo., 531 P.2d 499 (1975), has hereto-

---

* Retired November 30, 1985.

fore held that there must be some evidentiary showing in order to make a determination of reasonable attorney's fees. This Court has very lately made it clear in the case of *Hickey v. Burnett* that a summary judgment may only be entered upon that evidence which is in the record and properly before the Court.

Since it is highly improbable that the other questions which were raised by the appellants could again arise or that the rulings at which they were directed would recur, there is no reason for discussion of them.

Reversed and remanded with instructions to vacate the judgment and proceed with this case.