**Gregory Allen HARVEY, By and Through his legal guardian, Lyle Dean HARVEY, Plaintiff,**

v.

**GENERAL MOTORS CORPORATION, Defendant.**

**No. 86–321.**

Supreme Court of Wyoming.

July 22, 1987.

Jack Gage and Carole Shotwell of Whitehead, Zunker, Gage, Davidson and Shotwell, P.C., Cheyenne, for plaintiff.

Thomas G. Gorman and Glenn Parker of Hirst & Applegate, Cheyenne, for defendant.

Robert W. Tiedeken with Terry W. Mackey, P.C., and George Santini of Charles E. Graves & Associates, Cheyenne, for amicus curiae Committee of the Wyoming Trial Lawyers Assn.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

BROWN, Chief Justice.

The United States District Court for the District of Wyoming, pursuant to the Federal Court State Law Certificate Procedure Act, §§ 1–13–104 through 1–13–107, W.S. 1977, and Rules 11.01 through 11.07, Wyoming Rules of Appellate Procedure, certified to this court the following question:

> "1. Does a party in Wyoming state a claim for relief in strict liability against a manufacturer for a cause of action that arose prior to the issuance of the opinion on 19 March 1986 by the Wyoming Supreme Court in *Ogle v. Caterpillar Tractor Co.*, 716 P.2d 334 (Wyo.1986)?"

We hold that the decision in *Ogle v. Caterpillar Tractor Co.*, Wyo., 716 P.2d 334 (1986), should be applied both retrospectively, as well as prospectively.

The following facts are extracted from the certification order of the United States District Court for the District of Wyoming.

On July 6, 1985, Gregory Allen Harvey (plaintiff) sustained serious injuries when his 1979 Chevrolet Corvette T-top rolled while traveling south on Wyoming Highway 72 in Carbon County, near Hanna, Wyoming. At the time of the accident the automobile was being driven by Christopher A. Schade and had been designed, manufactured and assembled by General Motors Corporation (defendant).

On February 27, 1986, an action was filed on behalf of plaintiff against defendant in the United States District Court for the District of Wyoming. Count I of plaintiff's complaint purported to state a claim for relief against defendant under the doctrine of strict liability.[1]

Thereafter, defendant filed a Motion for Partial Summary Judgment, together with a supporting Memorandum of Law, requesting that the federal district court dismiss all portions of plaintiff's complaint alleging a claim for relief based upon strict liability for the reason that the doctrine of strict liability was not applicable law in Wyoming on July 6, 1985, the date that plaintiff's cause of action arose. Further, defendant filed a Request for Disposition of Motion for Partial Summary Judgment Based Strictly on the Pleadings as they existed on and before September 3, 1986. In response, plaintiff filed a Resistance to Defendant's Request for Disposition of Motion for Partial Summary Judgment. On November 17, 1986, the Federal District Court set the matter for hearing before the Honorable Clarence A. Brimmer.

Following the hearing, the United States District Court certified this legal issue to the Wyoming Supreme Court. The Federal District Court determined that the question certified involved important and undetermined questions of Wyoming law which would be determinative of the partial summary judgment motion pending in the federal court.[2]

Defendant, General Motors Corporation contends, under Wyoming law, that strict liability was not a viable theory of recovery before March 19, 1986, and that the application of the decision in *Ogle v. Caterpillar Tractor Co.*, supra, regarding the adoption of strict liability is prospective only. The defendant argues that this court stated in the *Ogle* case, at 341, that

---

1. Plaintiff's complaint stated "the Defendant should be held strictly liable for all damages sustained by Plaintiff herein."

2. Briefs were submitted by plaintiff, defendant, and by the Wyoming Trial Lawyers Association who filed a brief of amicus curiae.

*"[t]oday* we join the overwhelming majority of American jurisdictions and hold that strict liability in tort is a valid cause of action in Wyoming. * * * " (Emphasis added),

and such language implies and speaks to prospective application only. Simply, they contend that the word "today" is a word of futurity, which implies a continuity of action or condition from the present time forward and excludes all the past. We do not agree. The use of the word "today" is subject to more than one interpretation. The defendant contends it means that claims or causes of action which accrue after March 19, 1986, will be governed by the principles of *Ogle v. Caterpillar Tractor Co.,* supra, and that claims or causes of action which accrued before March 19, 1986, will be governed by prior law. However, the quotation could also be reasonably interpreted to mean that claims or causes of action based on strict liability and not barred by the statute of limitations were actionable as of March 19, 1986. The general rule is that in civil cases decisions are to be applied retroactively. The Tenth Circuit Court has stated:

"The ground rule, of course, is that retroactive effect is given to decisions overruling a prior holding. * * * " *Benedict Oil Company v. United States,* 582 F.2d 544 (10th Cir.1978).

Additionally, in *Malan v. Lewis,* Utah, 693 P.2d 661, 676 (1984), it is stated:

"The general rule from time immemorial is that the ruling of a court is deemed to state the true nature of the law both retrospectively and prospectively. In civil cases, at least, constitutional law neither requires nor prohibits retroactive operation of an overruling decision, [Citations.] but in the vast majority of cases a decision is effective both prospectively and retrospectively, even an overruling decision. [Citation.] Whether the general rule should be departed from *depends on whether a substantial injustice would otherwise occur.* [Citation.]" (Emphasis added.)

See also, *Chevron Chemical Company v. Superior Court,* 131 Ariz. 431, 641 P.2d 1975 (1982); *International Studio Apartment Association, Inc. v. Lockwood,* Fla. App., 421 So.2d 1119 (1982); *In re Kloppenburg's Estate,* 82 N.J.Super. 117, 196 A.2d 800 (1964); *Marshall v. Marshall,* Tenn., 670 S.W.2d 213 (1984).

In this case, we see no substantial injustice as a basis for us to depart from the general rule. In *Ogle v. Caterpillar Tractor Co.,* supra, at 342, we stated:

"When a defective article enters the stream of commerce and an innocent person is hurt, it is better that the loss fall on the manufacturer, distributor or seller than on the innocent victim. This is true even if the entities in the chain of production and distribution exercise due care in the defective product's manufacture and delivery. They are simply in the best position to either insure against the loss or spread the loss among all the consumers of the product. W. Prosser, The Assault upon the Citadel, 69 Yale L.J. 1099, 1120 (1960); W. Keeton [Prosser and Keeton on Torts, §§ 96–97 (1984)], at 692–693; Restatement, Second, Torts § 402A, comment c (1965)."

This court also noted:

" * * * the cause of action for strict liability in tort is necessary because of the inadequacies of breach of warranty actions when applied to claims in tort for personal injury." Id., at 344.

No justification exists why such reasoning is any less applicable when applied before March 19, 1986.

Further, we find that if this court had intended that the rule in *Ogle v. Caterpillar Tractor Co.,* supra, should be applied only prospectively, it would have said so in clear terms. There is no clear prohibition in that case against retrospective application nor is there a clear mandate requiring only prospective application. We hesitate to mandate only a prospective application of *Ogle v. Caterpillar Tractor Co.,* supra, because of the use of the single word "today."

Accordingly, we hold that the rule enunciated in *Ogle v. Caterpillar Tractor Co.,* supra, that strict liability in tort is a valid cause of action in the State of Wyoming

should be applied retrospectively and prospectively.

THOMAS, J., filed a specially concurring opinion.

THOMAS, Justice, specially concurring.

I certainly agree with the result reached in the majority opinion in this case. I simply add that for me this disposition is consistent with the decisions of this court addressing the concern of prospective or retrospective application of the court's decisions. *Adkins v. Sky Blue, Inc.*, Wyo., 701 P.2d 549 (1985); *Nehring v. Russell*, Wyo., 582 P.2d 67 (1978); *Oroz v. Board of County Commissioners of Carbon County*, Wyo., 575 P.2d 1155 (1978). In those decisions and others, we have recognized that a court may restrict the effect of its decisions to prospective application only even though the traditional rule was one of retrospective application, particularly with respect to questions of substantive law. A limitation to prospective application as outlined in *Adkins v. Sky Blue, Inc.*, supra; *Nehring v. Russell*, supra; and *Oroz v. Board of County Commissioners of Car-*

*bon County*, supra, would not be appropriate in this instance. Albeit the decision in *Ogle v. Caterpillar Tractor Company*, Wyo., 716 P.2d 334 (1986), would be considered one of first impression, its resolution clearly was foreshadowed by persuasive authority in other jurisdictions and the actual application of the rule of strict liability in the trial courts in some places in the State of Wyoming. There is no question that the rule of strict liability will be furthered by retrospective operation, and there is no indication that the retrospective application would produce any substantial inequities because of reliance upon the nonavailability in Wyoming of the rule of strict liability. These Wyoming authorities support the majority decision, and they are consistent with the rules invoked from other jurisdictions.